IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| FRANCIS GRANDINETTI, | ) Civ. No. 13-00709 SOM/BMK |
| Plaintiff, | ) ORDER DENYING TEMPORARY |
| | ) RESTRAINING ORDER AND IN FORMA |
| vs. | ) PAUPERIS APPLICATION AND |
| | ) TRANSFERRING ACTION |
| LPN ANGELA MANDARINO, et al., | ) |
| Defendants. | ) |

**ORDER DENYING TEMPORARY RESTRAINING ORDER AND IN FORMA PAUPERIS APPLICATION AND TRANSFERRING ACTION**

Before the court is Plaintiff Francis Grandinetti's prisoner civil rights complaint, *in forma pauperis* application, and "TRO Application." *See* ECF Nos. 1-3. Plaintiff is confined in the Saguaro Correctional Center ("SCC"), in Eloy, Arizona. Plaintiff alleges that Defendant Angela Mandarino, a licensed practical nurse practicing at SCC, instructed several SCC guards to bring Plaintiff to the "mattress" room to perform a tuberculosis ("TB") test that was "90 days past due." Compl., ECF No. 1. Plaintiff alleges that this room was contaminated with "blood and spit," littered with dust and bugs, and "filthy." *Id.* He claims that the unidentified and untrained prison employees injected him with the tuberculin protein without using an alcohol pad first. Plaintiff moves for a restraining order seeking unspecified relief. Plaintiff's *in forma pauperis*

application is incomplete; it lacks certification from prison authorities regarding the amount in his account.  *See* ECF No. 3.

Because venue is improper in Hawaii, and transfer is in the interests of justice pursuant to 28 U.S.C. § 1406(a), this action is TRANSFERRED to the United States District Court for the District of Arizona.  Plaintiff's Motion for Temporary Restraining Order and *in forma pauperis* application are DENIED without prejudice.

## I.  DISCUSSION

Plaintiff broadly alleges that SCC officials performed an unsanitary medical procedure apparently against his will.[1]  Plaintiff has not been incarcerated in Hawaii for many years, however, and his claims clearly concern incidents that allegedly occurred or are occurring in Arizona within the control of SCC officials in Arizona.  Plaintiff provides no facts tying his allegations to any individual or occurrence in Hawaii.

### A.   Improper Venue

When jurisdiction is not founded solely on diversity, such as actions brought under 42 U.S.C. § 1983, venue is proper in the district in which: (1) any defendant resides, if all of the defendants reside in the same state; (2) a substantial part

---

[1] Plaintiff's exhibits show that he has consistently requested a TB test and other medical examinations for the past several months, but refuses these exams when appointments are scheduled.  *See* Pl.'s Att., ECF No. 1-1.

of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b); *see also Ziegler v. Indian River Cnty.*, 64 F.3d 470 (9th Cir. 1995) (extensive discussion on jurisdiction); *Lee v. Corr. Corp. of America*, 525 F. Supp. 2d 1238, 1241 (D. Haw. 2007). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The court has notified Plaintiff regarding the appropriate venue for claims arising out of incidents that occur in Arizona many times. *See, e.g.*, *Grandinetti v. Haleem*, Civ. No. 12-00441 JMS (D. Haw.) (transferred to District of Arizona Aug. 14, 2012).

The events or omissions underlying Plaintiff's claims occurred in Arizona and all of the individuals involved in the incident apparently reside there. Venue for Plaintiff's claims therefore lies in Arizona. *See* 28 U.S.C. § 1391(b). The interests of justice favor transfer of this case to the district where the significant events or omissions material to Plaintiff's claims occurred, witnesses may be found, there is access to the necessary evidence, and there is a local interest in resolving

the matter.  *See* 28 U.S.C. § 1406(a); *see also King v. Russell*, 963 F.2d 1301, 1305 (9th Cir. 1992).  This action is TRANSFERRED to the United States District Court for the District of Arizona.

**B.   Plaintiff's *In Forma Pauperis* Application**

Plaintiff is aware that he may not bring a civil action without prepayment of the filing fee unless he is in imminent danger of serious physical injury pursuant to 28 U.S.C. § 1915(g).[2]  Although Plaintiff's allegations require more detail to state a claim, liberally construed they plausibly suggest imminent danger of serious physical injury.  Whether Plaintiff may proceed *in forma pauperis* under the circumstances alleged is a determination better left to the United States District Court for the District of Arizona, however.  In any event, Plaintiff's *in forma pauperis* application is incomplete.  Plaintiff's *in forma pauperis* application is DENIED without prejudice.

//
//
//

---

[2] Plaintiff refers to § 1915(g) in his Complaint, apparently to invoke the imminent danger exception.  This court and the Ninth Circuit Court of Appeals have notified Plaintiff of his many strikes in earlier actions.  *See, e.g.*, *Grandinetti v. FDC Seg. Unit Staff*, 420 Fed. Appx. 576 (9th Cir. 2011); *Grandinetti v. Shimoda*, Civ. No. 05-00442 JMS; *Grandinetti v. Stampfle*, Civ. No. 05-00692 HG.  Plaintiff has had the opportunity to object to these three-strikes findings, but has not.

**C.    Motion for Temporary Restraining Order**[3]

A temporary restraining order "is an extraordinary and drastic remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). A plaintiff seeking a temporary restraining order "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20; *accord Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1021 (9th Cir. 2009). In cases brought by prisoners involving conditions of confinement, injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Plaintiff provides insufficient detail to establish the likelihood of success on his claims, whether he is likely to suffer irreparable harm in the absence of relief, or that the equities tip in his favor. Moreover, these questions are better left to the transferee court after Plaintiff has an opportunity

---

[3] The court would normally transfer *all* pending motions to the transferee court when transferring an action for improper venue. In an abundance of caution, however, and in light of Plaintiff's allegations, the court reviews the Motion for Temporary Restraining Order before transfer.

to amend and clarify his claims.  The Motion for Temporary Restraining Order is DENIED without prejudice.

## II.  CONCLUSION

This action is TRANSFERRED to the United States District Court for the District of Arizona.  Plaintiff's Motion for Temporary Restraining Order is DENIED without prejudice.  The Clerk of Court is DIRECTED to close the file and send any pending motions or further documents received from Plaintiff referring to this action to the United States District Court for the District of Arizona.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 24, 2013.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

*Grandinetti v. Mandarino*, Civ. No. 13-00709 SOM/BMK; trsf ven rmd/2013/ grandinetti 13-709 som (trsf ven, dny ifp, & TRO); J:\Denise's Draft Orders\SOM\Grandinetti 13-709 SOM (trsf ven, dny ifp & TRO).wpd